UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VOLCANO DEVELOPERS, LLC, et al.,   )
                                   )
                    Plaintiffs,    )   Case No.: 2:11-cv-00504-GMN-PAL
    vs.                            )
                                   )   **ORDER**
BONNEVILLE MORTGAGE                )
COMPANY, et al.,                   )
                                   )
                    Defendants.    )

Pending before the Court is Plaintiffs' Application for a Temporary Restraining Order (ECF No. 20) and Motion for a Preliminary Injunction (ECF No. 19). Defendants have filed Responses (ECF Nos. 22, 23, & 24), to which Plaintiffs have filed Replies (ECF Nos. 26 & 27). For the reasons that follow, both Plaintiffs' Application (ECF No. 20) and its Motion (ECF No. 19) will be DENIED.

**I.      Standard for Granting a TRO or Preliminary Injunction**

Temporary restraining orders ("TROs") are governed by the same standards applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). A TRO or preliminary injunction may be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies*

*v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).

## II. Analysis

Plaintiffs seek to enjoin Defendants from foreclosing on the real property located at 5439 South Decatur Blvd., Las Vegas, Nevada, 89118. They bring their request for a TRO or preliminary injunction on three separate grounds. First, they contend that the Notice of Default is deficient under Nev. Rev. Stat. § 107.080 because it "does not even specify the amount of the Default." (Mot. 11:1, ECF Nos. 19 & 20.) Second, they argue, somewhat confusingly, that "Plaintiffs made a payment on May 5 2011 so as to the amount for which is allegedly owing, Defendants do not know of." (Mot. 11:2-3, ECF Nos. 19 & 20.) Third, they explain that "it seems that said Notice of Default was done in retaliation of Plaintiffs [sic] initiation of said proceedings against Defendants collectively." (Mot. 11:3-4, ECF Nos. 19 & 20.) All three of these grounds are insufficient to warrant injunctive relief.[1]

First, Nev. Rev. Stat. § 107.080 does not require that a Notice of Default explicitly state the exact amount of the default. Instead, Nev. Rev. Stat. § 107.080(3)(a) merely requires that the Notice of Default "[d]escribe the deficiency in performance or payment . . . ." Here, the Notice of Default adequately describes the deficiency in performance, stating:

---

[1] Plaintiffs also briefly argue that "Plaintiffs' Application and Motion for a Preliminary Injunction should be granted since Plaintiff is very likely to succeed on the merits of their claims for the failure to have the Loan Assumption Agreement transferred from WOLFE to ELEZRA." (Mot. 13:3-6, ECF Nos. 19 & 20). However, Plaintiffs fail to explain how the likelihood of success on the merits with regard to that claim is relevant to the foreclosure proceedings that were initiated in May of 2011. As Defendants accurately observe in their Response, "Plaintiffs also fail to provide this Court with any evidence that the failure to consummate the assumption caused the financial issues which led to the default and commencement of trustee's sale proceedings by [Defendants]." (Resp. 7:18-20, ECF No. 23.) Plaintiffs do not rebut this observation in their Reply, nor do they provide any other basis for finding that the resolution of their claims related the Loan Assumption Agreement is relevant to the instant motions. Thus, this argument fails to establish that Plaintiffs are entitled to the "extraordinary and drastic remedy" of injunctive relief.

> That a breach of the obligations for which said Deed of Trust is security has occurred in that payment has not been made of:
> INSTALLMENT OF PRINCIPAL AND INTEREST PLUS IMPOUNDS AND / OR ADVANCES WHICH BECAME DUE ON 05/01/2011 PLUS LATE CHARGES, AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST, BALLOON PAYMENTS, PLUS IMPOUNDS AND / OR ADVANCES AND LATE CHARGES THAT BECOME PAYABLE.

(Ex. B, Resp., ECF No. 23.)  Further, the Notice provides Plaintiffs with the requisite contact information to allow them "[t]o find out the amount you must pay" or "to arrange for payment to stop foreclosure." (*Id.*)  Because this Notice complies with the statutory requirements, Plaintiffs are not likely to succeed on the merits of this argument, nor do they raise a serious issue going to the merits.

Plaintiffs' second argument is a bit more difficult to decipher, but it appears that Plaintiffs are contending that it was inappropriate for Defendants to file a Notice of Default in light of the fact that Plaintiffs made a payment on May 5, 2011.  In support of this line of argument, Plaintiff Danny Itzhaki declared that he "made a payment to Defendants in the amount of $4,000.00 for the month of May, which was cashed by Defendants." (Mot. 16:14-15, ECF Nos. 19 & 20.)  However, noticeably absent from Plaintiffs' Motion or Mr. Itzhaki's declaration is any allegation that the $4,000.00 payment effectively cured the default.  As this Court has previously explained, "[i]n Nevada, a wrongful foreclosure claim is properly pled only if the plaintiff alleges that she was not in default." *Rupe v. First Franklin Financial Corp.*, No. 2:11-cv-00166-GMN, 2011 WL 2559623, at *2 (D. Nev. June 27, 2011).  Here, Plaintiffs do not argue that they are no longer in default, nor does the evidence support that position.  Indeed, the letter from Defendants to Plaintiffs dated May 17, 2011--to which Plaintiffs do not object--clearly states that the amount due on May 1, 2011 was $5,754.00. (*See* Ex. C, Resp., ECF No. 23.)  $4,000.00 would therefore have been inadequate to cure Plaintiffs' default.  Because Plaintiffs have failed to show that they were not in default at the time Defendants

commenced foreclosure proceedings, Plaintiffs are not likely to succeed on the merits of this claim, nor do they raise a serious issue going to the merits.

Lastly, Plaintiffs ask the Court to enjoin the foreclosure proceedings because they believe that the proceedings were commenced in retaliation for Plaintiffs instituting this lawsuit.  Plaintiffs claim that retaliatory intent can be gleaned from Defendants' activities because "[c]ommon practice is generally to issue some kind of communication notifying Plaintiffs that the amount is late or due, and then follow through with alternative measures.  In this case, after cashing the mortgage payment, Defendants filed the notice of Default." (Mot. 11:8-11, ECF Nos. 19 & 20.)  Common practice or not, the May 17, 2011 letter from Defendants to Plaintiffs--which Plaintiffs do not contest--demonstrates that Defendants did, in fact, provide Plaintiffs with informal notice of the amount due more than a week before filing the Notice of Default. (*See* Ex. C, Resp., ECF No. 23.)  Further, the June 3, 2011 letter from Defendants to Plaintiffs--which Plaintiffs also do not contest--demonstrates that Defendants actually returned the $4,000.00 payment to Plaintiffs, as it was insufficient to remedy the amount of the default. (*See* Ex. D, Resp., ECF No. 23.)  Thus, even if a court may enjoin foreclosure proceedings when it finds that the proceedings were undertaken with retaliatory intent (Plaintiffs cite no authority indicating that courts have the ability to do so), Plaintiffs are not likely to succeed on the merits of such a claim, nor do they raise a serious issue going to the merits.

Because all three of Plaintiffs' arguments in support of injunctive relief fail, their Application for a Temporary Restraining Order (ECF No. 20) and Motion for a Preliminary Injunction (ECF No. 19) will be denied.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Application for a Temporary Restraining Order (ECF No. 20) is **DENIED**.

1    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction
2    (ECF No. 19) is **DENIED**.

     DATED this 1st day of August, 2011.

                                               _____
                                               Gloria M. Navarro
                                               United States District Judge