# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VOLCANO DEVELOPERS, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:11-cv-00504-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| BONNEVILLE MORTGAGE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 32) and Motion for a Preliminary Injunction (ECF No. 31).  For the reasons that follow, both of Plaintiffs' Motions (ECF Nos. 31 & 32) will be DENIED.

## I.    Standard for Granting a TRO or Preliminary Injunction

Temporary restraining orders ("TROs") are governed by the same standards applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  A TRO or preliminary injunction may be issued if a plaintiff establishes: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*,

632 F.3d 1127, 1135 (9th Cir. 2011).

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).

## II.    Analysis

This is Plaintiffs' second request for preliminary injunctive relief.  Here, Plaintiffs seek to enjoin Defendants from contacting Plaintiffs' tenants directly regarding the collection of rents for the use of the real property located at 5439 South Decatur Blvd., Las Vegas, Nevada, 89118.

As was discussed in the Court's previous Order (ECF No. 40), Plaintiffs failed to pay Defendants the full amount due under their mortgage for the month of May, and Defendants subsequently commenced foreclosure proceedings against the subject real property.  According to Plaintiff Daniel Itzhaki's Declaration[1], Plaintiffs made full payments for the months of June and July (*see* Mot. 16:16-18, ECF Nos. 31 & 32), but there is no evidence in the record that Plaintiffs ever cured their May default or were only required to make a partial payment for the month of May.

According to Plaintiffs' Motions, "on July 22, 2011, Counsel for [one of the Defendants] issued a correspondence demanding receipt of rents from Plaintiffs [sic] tenant." (*See* Mot. 6:20-23, ECF Nos. 31 & 32.)  Plaintiffs do not provide any evidence that Defendants or their counsel actually did this, but Mr. Itzhaki declares that "[t]he Tenants at the building are panicking that the building will be foreclosed on and they will have to move their businesses" and "Defendants should be precluded from contacting my Tenants and creating panic to the point that that [sic] Tenants are threatening to leave." (Mot. 16:19-23, ECF Nos. 31 & 32.)

---

[1]  Although the instant Motions refer to a number of exhibits that are allegedly attached to the Motions, (*see, e.g.,* Mot. 6:28; & 7:3, ECF Nos. 31 & 32), the only exhibits attached to the Motions are Mr. Itzhaki's Declaration and a Proposed Order.

Plaintiffs appear to be making two arguments in favor of injunctive relief. First, they seem to be arguing that Defendants' failure to "execute the Transfer and Assumption to [Plaintiff] Elezra" has "creat[ed] a loss of profits to [Plaintiff] Itzhaki" and left Plaintiff Itzhaki liable on the loan, thereby causing him to default on the mortgage in May. (*See* Mot. 4:25-6:13, ECF Nos. 31 & 32.)  However, Plaintiffs do not support this argument with any evidence. Mr. Itzhaki does not contend in his Declaration that there was a causal relationship between the May underpayment and Defendants' failure to execute the transfer and assumption agreement, nor do Plaintiffs provide any other evidence establishing that causal link. Thus, injunctive relief cannot be granted on this theory.

Second, Plaintiffs contend that injunctive relief should be granted because "there has been no judicial determination of Default and therefore no assignment of rights thereon.  No receivership has been appointed to allow Defendants to contact the tenants directly and said actions are clearly an abuse of process." (Mot. 12:14-17, ECF Nos. 31 & 32.)  However, Plaintiffs fail to cite any rule, statute, or case that supports their argument. Therefore, it also fails.  It is Plaintiffs' burden to show that the law entitles them to the extraordinary remedy of injunctive relief; they cannot prevail without providing some legal authority that supports their theory of the case.

Because both of Plaintiffs' arguments in support of injunctive relief fail, their Motion for a Temporary Restraining Order (ECF No. 32) and Motion for a Preliminary Injunction (ECF No. 31) will be denied.  However, this denial--and the denial of their previous motions for injunctive relief (ECF Nos. 19 & 20)--is without prejudice.  Plaintiffs may file substantively similar motions if they can adequately support them with evidence and law.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction (ECF No. 31) is **DENIED**.

DATED this 18th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge