UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VOLCANO DEVELOPERS LLC, et al., | Case No.: 2:11-cv-00504-GMN-PAL |
| Plaintiffs, | **ORDER** |
| vs. | |
| BONNEVILLE MORTGAGE, et al., | |
| Defendants. | |

This is a civil suit originally filed in state court by Plaintiffs Volcano Developers LLC, Oden Wolfe, Daniel Itzhaki, and Eli Elezra and Hila Elezra individually and on behalf of the Elezra Family Trust ("Plaintiffs") and removed to this Court by Defendants StanCorp Mortgage Investors LLC, Standard Insurance Company, and Standard Life Insurance Company of New York ("Standard Defendants") (ECF No. 1). Pending before the Court is Defendant Bonneville Mortgage Company's Motion to Dismiss (ECF No. 7) and the Standard Defendants' Joinder to the Motion to Dismiss (ECF No. 8).

## I. BACKGROUND

Plaintiffs' Complaint lists eleven (11) claims for relief: (1) breach of contract against all defendants; (2) breach of covenant of good faith and fair dealing against all defendants; (3) monies due and owing against all defendants; (4) conversion against all defendants; (5) punitive damages against all defendants; (6) quantum meruit / unjust enrichment against all defendants; (7) interference with contractual advantages against all defendants; (8) promissory estoppel against all defendants; (9) declaratory relief; (10) intentional misrepresentation – fraud against all defendants; and (11) negligent misrepresentation against all defendants. Defendant Bonneville Mortgage Company ("Bonneville") moves to dismiss claims one, two, seven, eight,

1  nine, ten, and eleven for failure to state a claim upon which relief can be granted.  The Standard
2  Defendants move to dismiss claims eight, ten, and eleven for failure to state a claim upon
3  which relief can be granted.

4  Plaintiffs' Complaint states that in February 2005, "Plaintiffs obtained a loan secured by
5  a deed of trust on the property known as 5439 South Decatur Blvd. Las Vegas NV 89118 Clark
6  County APN #163-25-711-006." (Complaint, 3:¶11, ECF No. 1.)  However, the Complaint
7  does not specify which parties were signatories on the loan, nor are the loan documents
8  themselves attached to the Complaint.  In its Response to the Motion to Dismiss (ECF No. 10)
9  Plaintiffs claim that the mortgage was obtained from Defendant StanCorp Mortgage Investors
10 LLC ("StanCorp") and that Defendant Bonneville Mortgage Company ("Bonneville") acted as
11 the servicer.

12 Prior to the events giving rise to this suit, Plaintiffs Oden Wolf and Danny Itzhaki were
13 the sole members of Plaintiff Volcano Developers LLC, each holding a fifty (50%) percent
14 interest.  The Complaint does not allege this, but the Membership Transfer Agreement
15 referenced by Plaintiffs and submitted by the Standard Defendants as an attachment to their
16 Reply to the Motion to Dismiss references this fact.  (*See* MTA, Ex. B to Standard Defs.' Reply
17 to Mot. to Dismiss, ECF No. 13-3.)

18 The Complaint alleges that in March 2007, Plaintiffs Oden Wolf and Eli Elezra executed
19 a "**Membership Transfer Agreement**," transferring Wolf's fifty (50%) percent interest in
20 "Volcano Developers Inc." (Complaint, 3-4:¶12.)  Likewise, Plaintiffs' Response to the Motion
21 to Dismiss also alleges a transfer of the interest in "Volcano Developers Inc." (Pls.' Resp. to
22 Mot. to Dismiss, 3:17-18.)  In a footnote to their Response to the Motion to Dismiss, Plaintiffs
23 refer to an attached Membership Transfer Agreement but no such document was actually
24 attached. (Pls.' Resp. to Mot. to Dismiss, 3:16-17 n.1.)  A Membership Transfer Agreement
25 was submitted by the Standard Defendants; however it refers to the transfer of "Volcano

Developers **LLC**," not "Volcano Developers **Inc.**" (*See* MTA, Ex. B to Standard Defs.' Reply to Mot. to Dismiss, ECF No. 13-3.)  It is therefore unclear from the pleadings whether Volcano Developers Inc. even exists, or whether this is simply a typing or drafting error.

Furthermore, the Membership Transfer Agreement regarding the LLC appears to have been secured by a $220,000.00 promissory note, which was paid in full by Eli Elezra to Wolf. In their Response to the Motion to Dismiss, Plaintiffs refer to an attached "**Assumption Agreement**," but no such document was attached. (Pls.' Resp. to Mot. to Dismiss, 3:21.)

In October 2007, Eli Elezra and Plaintiff Daniel Itzhaki signed an "**Operating Agreement**" for Volcano Developers LLC, removing Wolf from the company and replacing Eli Elezra for Wolf's position.  The Complaint actually refers to him as "Wolfe" several times, but this is likely another typing or drafting error.  Plaintiffs did not submit a copy of the Operating Agreement to any of the pleadings.

The Complaint alleges that on November 6, 2008, the Standard Defendants "issued a Consent on the Leases in support of Assumption of the Loan by Elezra." (Complaint, 4:¶14, ECF No. 1; *see also* Pls.' Resp. to Mot. to Dismiss, 4:1-2.)  Plaintiffs do not submit a copy of the **"Consent on the Leases"** to any of the pleadings.  It is unclear from the pleadings whether Plaintiffs' reference to "the Assumption of the Loan" refers to the Membership Transfer Agreement, to the Assumption Agreement referenced in the Response, or to some other document.

The Complaint alleges that on November 17, 2008, the Standard Defendants issued a "Consent to Transfer and Assumption Letter based on certain conditions, which Plaintiffs complied with in total." (Complaint, 4:¶15, ECF No. 1.)  Plaintiffs do not submit a copy of the **"Consent to Transfer and Assumption Letter"** to any of the pleadings.

Also on November 17, 2008, the Complaint alleges that "the Parties also signed a Certificate and Indemnity Agreement Regarding Hazardous Substances in accordance with the

Consent to Transfer and Assumption Letter." (Complaint, 4:¶16, ECF No. 1.) Plaintiffs do not submit a copy of the **"Certificate and Indemnity Agreement Regarding Hazardous Substances"** to any of the pleadings, and it is not clear from the pleadings which parties signed it.

The Complaint alleges that "[t]hereafter, Defendants failed to execute the Transfer and Assumption to Mr. Elezra, stating that there had been oversight on their behalf and that the process needed to be commenced all over." (Complaint, 4:¶17.) Plaintiffs' reference to "the Transfer and Assumption" may refer to the Consent to Transfer and Assumption, but this is unclear from the pleadings. Plaintiffs do not specify whether all Defendants, or only certain Defendants "failed to execute the Transfer and Assumption," and this is not clear from the pleadings.

The Complaint alleges that "Plaintiffs, once again submitted all documentation with Defendants and awaited the execution of transfer and assumption." (Complaint, 4:¶18, ECF No. 1.) The Complaint alleges that "[o]n September 16, 2009, The Standard issued a second Consent to Transfer and Assumption Letter." (Complaint, 4:¶19, ECF No. 1.) Plaintiffs do not submit copies of the **"documentation"** that was re-submitted or the **"second Consent to Transfer and Assumption Letter."** It is not clear from the pleadings whether Plaintiffs' reference to "The Standard" refers to the Standard Defendants or to one of the Standard Defendants in particular. Plaintiffs also do not specify whether all Plaintiffs submitted the documentation or whether only certain Plaintiffs did so, and this is not clear from the pleadings.

The Complaint alleges that on October 29, 2009, the Standard Defendants "sent to Plaintiffs a Notice of Rate Adjustment increasing the interest rate of the note to 7.75% effective March 1, 2010," …"despite ongoing negotiations over the course of a year to pay interest only on the note." (Complaint, 4:¶20, ECF No. 1.) Plaintiffs do not submit a copy of the **"Notice of Rate Adjustment"** to any of the pleadings, and do not specify whether it was sent to all

Plaintiffs, or only certain Plaintiffs.  It is not clear from the pleadings to whom the Notice of Rate Adjustment was sent, or which parties participated in the negotiations "to pay interest only on the note."

The Complaint alleges that on November 2, 2009, "Elezra signed a warranty letter in support of the Assumption Agreement." (Complaint, 4:¶21, ECF No. 1.)  Plaintiffs do not submit a copy of the **"warranty letter"** to any of the pleadings.  Though it is not clear from the pleadings, "Elezra" here likely refers to Plaintiff Eli Elezra.

The Complaint alleges that an "Amendment to Deed of Trust, Consent to Transfer, Modification & Assumption Agreement dated November 10, 2009, required Elezra to pay $1,000.00 to Defendants as an Assumption Fee," which he did pay on September 30, 2009. (Complaint, 5:¶22.)  Plaintiffs do not submit a copy of the **"Amendment to Deed of Trust, Consent to Transfer, Modification & Assumption Agreement"** in any of the pleadings, however the Standard Defendants submit a copy of this document in their Reply to the Motion to Dismiss (*see* Ex. A to Standard Defs.' Reply to Mot. to Dismiss, ECF No. 13-3).  Plaintiffs allege that on this date "Elezra was to assume the loan dated February 1, 2005, from Oden [Wolf] pursuant to the Membership Transfer Agreement." (Complaint, 5:¶22, ECF No. 1.)

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus., Inc. v.*

1  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

2  The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  DISCUSSION

Defendants point out in their Motion to Dismiss and Joinder that Plaintiffs fail to allege sufficient facts supporting their claims. In their Complaint, Plaintiffs do not allege the existence of a contract or a contractual relationship with Defendant Bonneville. Plaintiffs also fail to allege sufficient facts to support their claims against the Standard Defendants. Without such allegations, Plaintiffs necessarily fail to state a claim for breach of contract or any other contract-based claim.

Plaintiffs' pleadings rely on information in multiple documents that have not been submitted to the Court and the terms of which are not described in detail. Both this Court and Defendants have pointed out Plaintiffs' repeated failures to attach their exhibits to pleadings which reference the exhibits. (*See*, *e.g.*, Order, Aug. 18, 2011, 2:n.1, ECF No. 35; Standard Defs.' Reply to Mot. to Dismiss, 2:22-23, ECF No. 13.) Failure to submit documents referenced in the Complaint would not necessarily result in a Rule 12(b)(6) dismissal. However, Plaintiffs' Complaint is so rife with ambiguities such that the details underlying Plaintiffs' causes of action and salient terms of the numerous contracts referenced remain simply unknown.

In this suit, there are multiple Plaintiffs and multiple Defendants. Yet, Plaintiffs consistently fail to meaningfully distinguish between the parties in their factual allegations.

Plaintiffs' claims for relief each state that the claims are against "All Defendants." However, Plaintiffs fail to allege sufficient facts to support a claim of the existence of a valid contractual relationship between Plaintiffs and "All Defendants." Nor do Plaintiffs allege sufficient facts to support a claim of breach of contract by "All Defendants."

Plaintiffs have failed to plead facts showing that a violation on the part of Defendants is plausible. Furthermore, the deficiencies in Plaintiffs' Complaint are confusing and impose an unfair burden on the litigants and on the Court. In a contract-based suit involving eleven (11) claims for relief, more than four (4) Plaintiffs, and more than four (4) Defendants, it is unreasonable for Plaintiffs to expect Defendants or this Court to guess which facts apply to which parties, especially without either providing detailed descriptions of the agreements or at the very least submitting all of the relevant documents underlying the claims. Because the deficiencies of Plaintiffs' Complaint may possibly be cured by submission of the documents referred to in the pleadings, and by more definite statements as to which parties are alleged to have performed which actions, the Motion to Dismiss and Joinder to the Motion to Dismiss will be granted without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED, without prejudice.**

**IT IS FURTHER ORDERED** that the Joinder to the Motion to Dismiss (ECF No. 8) is **GRANTED, without prejudice.**

**IT IS FURTHER ORDERED** that if Plaintiffs elect to file an Amended Complaint, they must do so by **January 29, 2012**.

DATED this 4th day of January, 2012.

_____
Gloria M. Navarro
United States District Judge