# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VOLCANO DEVELOPERS LLC, et al., )
                                                        Plaintiff, )
vs. ) Case No.: 2:11-cv-00504-GMN-PAL
)
BONNEVILLE MORTGAGE COMPANY, et al., ) **ORDER**
)
                                                       Defendants. )
)

This is a civil suit originally filed in state court by Plaintiffs Volcano Developers LLC, Oden Wolfe, Daniel Itzhaki, and Eli Elezra and Hila Elezra individually and on behalf of the Elezra Family Trust (collectively, "Original Plaintiffs"), and removed to this Court by Defendants Stancorp Mortgage Investors LLC, Standard Insurance Company, and Standard Life Insurance Company of New York ("Standard Defendants"). (ECF No. 1.)  Pending before the Court is the Motion to Dismiss (ECF No. 53) filed by the Standard Defendants, as well as the Motion to Amend Complaint (ECF Nos. 62, 63)[1] filed by Plaintiffs Daniel Itzhaki, Eli Elezra individually and on behalf of the Elezra Family Trust, and Volcano Developers, LLC (collectively, "Moving Plaintiffs").  Both motions have been fully briefed.

## I. BACKGROUND

In January 2012 the Court issued its Order (ECF No. 46) dismissing the complaint without prejudice and giving Original Plaintiffs leave to file an amended complaint.  Moving

---

[1] The documents at ECF Nos. 62 and 63 appear to be identical. On September 4, 2012, the Court issued an Order to Show Cause (ECF No. 70) as to why the documents at ECF Nos. 63, 67, and 68 are not redundant. On September 11, 2012, Plaintiffs objected without establishing the need for the redundant documents. However, for the benefit of the Clerk of the Court, this Order will cite to both ECF Nos. 62 and 63 when referring to the Motion to Amend Complaint.

Plaintiffs filed a First Amended Complaint on January 26, 2012 (ECF No. 49), and the Standard Defendants then filed the instant Motion to Dismiss (ECF No. 53).  Subsequently Original Plaintiffs dismissed Defendant Bonneville Mortgage Company (ECF Nos. 56, 57) by stipulation.  Discovery closed in February 2012 (Order, February 7, 2012, ECF No. 51) and Moving Plaintiffs later filed the instant Motion to Amend Complaint (ECF No. 62).

Attached to the motion, Plaintiffs submit a proposed Second Amended Complaint that solely names Daniel Itzhaki, Eli Elezra individually and on behalf of the Elezra Family Trust, and Volcano Developers, LLC, as Plaintiffs against the three Standard Defendants.  Plaintiffs Oden Wolfe and Hila Elezra have not filed an amended complaint within the deadline set by the Court's January Order, and have not requested leave to file an amended complaint.

Also attached are nine exhibits that appear to be attached as exhibits to Moving Plaintiffs' proposed Second Amended Complaint.  However, neither the motion nor the proposed Second Amended Complaint includes any references or citations to attached exhibits.  The Court has previously noted Plaintiffs' references to exhibits that were not attached to the motions or pleadings. (*See* Order, January 4, 2012, 2:23-24, 3:6-7, ECF No. 46.)  Here the Court notes Plaintiffs' successful attachment of exhibits that nevertheless lack references or citations within the motion and pleadings.

## II. LEGAL STANDARD

Before trial, and after previously amending its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.  Circumstances under which leave may be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In a three-page response, Standard Defendants briefly oppose Plaintiffs' Motion to Amend Complaint on the grounds that "the Motion is untimely and insufficient as a matter of law." (Defs.' Resp. to Pls.' Mot. to Amend Compl., 2:26-27, ECF No. 65.)

Standard Defendants first argue that since the Court's previous deadlines have expired for the parties to amend pleadings and add parties (Scheduling Order, ECF No. 18; Order on Stipulation, ECF No. 41), Plaintiffs' motion is untimely.  However, the Court is not bound by its own Scheduling Order, and has already demonstrated such by expressly giving Plaintiffs leave to file an amended complaint in its January 4, 2012 Order (ECF No. 46).

Standard Defendants' second argument is that Plaintiffs' Motion to Amend Complaint "fails to set forth the grounds for and substance of the proposed amendment," inexplicably citing case law from the United States Courts of Appeals for the Third Circuit, the Fifth Circuit and the District of Columbia Circuit (Defs.' Resp. to Pls.' Mot. to Amend Compl., 3:22-23, ECF No. 65.)  Standard Defendants claim that "[o]ne cannot read this Motion and discern the amendments being sought and the reasons they are needed" and that the Motion "fails to adequately describe the grounds for the proposed amendment" and "does not state or specify the substance of the proposed amendment." (*Id*. at 4:1-3.)

While the Court agrees that Plaintiffs' Motion to Amend could have more clearly set forth the differences between the proposed Second Amended Complaint and previous complaints, the Court does not find that this is a sufficient basis on which to deny the motion, particularly since the differences are apparent simply by the attachment of nine exhibits and changes to the parties.  The Court also finds that Plaintiffs' motion is not untimely, since it was filed within two weeks of the stipulation dismissing Defendant Bonneville Mortgage, and Standard Defendants do not argue that there was undue delay or that they would be unfairly

prejudiced if the Court grants the motion.  Accordingly, the Court finds that good cause exists to grant the motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Complaint (ECF Nos. 62, 63) is **GRANTED**.  The Clerk shall file the proposed Amended Complaint and exhibits in the docket.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 53) is **DENIED as moot.**

DATED this 11th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge